UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RICHARD J. VILLANI,

        Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                                   05-CV-05503 (DRH)

    -against-

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY

        Defendant.[1]
-------------------------------------------------------------X
**APPEARANCES:**

**LAW OFFICES OF BINDER & BINDER**
Attorneys for Plaintiff
300 Rabro Drive East
Hauppauge, NY 11788
By: Charles E. Binder, Esq.

**LORETTA E. LYNCH**
**UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF NEW YORK**
Attorney for Defendant
271 Cadman Plaza East
Brooklyn, NY 11201
By: Karen T. Callahan, Assistant United States Attorney

**HURLEY, Senior District Judge:**

       Presently before the Court is plaintiff Richard J. Villani's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff seeks $29,032.25 to be deducted from the past-due benefits awarded to him as a result of this action and paid to his attorneys from the law firm of Binder and Binder, PC ("Counsel").[2] The Commissioner of Social

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security, succeeding Jo Anne B. Barnhart, who was Commissioner at the time this action commenced. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is hereby substituted as defendant in this matter.

[2] Attorneys Charles E. Binder and Kristine S. Kwon, both of the law firm Binder and Binder, P.C., worked on plaintiff's case. (*See* Aff'n of Charles E. Binder, Esq., dated November

Security (the "Commissioner") does not oppose the motion. For the reasons set forth below, plaintiff's motion is granted.

## BACKGROUND

On October 22, 1998, plaintiff retained Counsel to represent him in connection with his application for Social Security disability benefits. (Binder Aff'n ¶ 1.) Plaintiff's application for benefits, filed on October 23, 1998, was denied. (*Id.*) At plaintiff's request, a hearing was held on November 29, 1999 before Administrative Law Judge ("ALJ") Joseph Halpern. (*Id.* ¶ 2.) By written decision dated February 2, 2000, ALJ Halpern found that plaintiff was not disabled under the Social Security Act. (*Id.*) Plaintiff requested that the Appeals Council (the "AC") review the ALJ's decision and Counsel submitted comments to the AC in support of plaintiff's claim. (*Id.*) Nonetheless, on September 23, 2005, the AC denied plaintiff's request for review. (*Id.*)

On October 19, 2005, plaintiff signed a retainer agreement (the "Retainer Agreement") authorizing Counsel to pursue an appeal of the AC's decision to this Court. (*Id.* ¶ 3 & Ex. A.) The Retainer Agreement provided that if the Court remanded plaintiff's case to the Social Security Administration, and if, upon remand, plaintiff was awarded past-due benefits, plaintiff would pay Counsel 25% of that past-due benefit award. (*Id.*) On November 23, 2005, plaintiff commenced the present action pursuant to 42 U.S.C. § 405(g). By Memorandum and Order dated May 8, 2008, this Court set aside ALJ Halpern's decision and remanded the case to the Social Security Administration for further proceedings. Based upon this outcome, plaintiff sought an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and was awarded $6,286.80. (*Id.* ¶ 5.)

---

3, 2011 ("Binder Aff'n") ¶¶ 10, 11.)

On remand from this Court, the AC vacated its September 23, 2005 decision and remanded the matter to an ALJ for another hearing. (*Id.* ¶ 6.) A hearing was held on November 4, 2008 before ALJ Andrew Weiss. (*Id.*) By written decision dated December 8, 2008, ALJ Weiss found that plaintiff was not disabled. (*Id.*) Plaintiff requested review by the AC and, on November 20, 2010, the AC vacated ALJ Weiss's decision and remanded the claim for another hearing. (*Id.* ¶ 7.) On February 9, 2011, another hearing was held before ALJ Weiss. (*Id.*) In a written decision dated March 4, 2011, ALJ Weiss found plaintiff to be disabled within the meaning of the Social Security Act. (*Id.*)

In the present motion, plaintiff seeks an attorney's fee award in the amount of $29,032.25. As noted above, plaintiff has already been awarded $6,286.80 in EAJA fees, but Counsel intends to remit that amount to plaintiff in the event the present motion is successful. (*See* Proposed Order.) Counsel states that he also intends to seek the Social Security Administration's approval of fees for time spent at the administrative level. (Binder Aff'n ¶ 15.) Counsel avers, however, that "[u]nder no circumstances will the total requested fees exceed $54,032.25, which represents the 25% that has been withheld from the retroactive benefits awarded to the Plaintiff." (*Id.*) The Commissioner does not object to plaintiff's motion except to "note that the amount approximates an hourly rate of $764.00 for time (38 hours) expended" in Court. (Def.'s Nov. 4, 2011 Letter at 1.)

## DISCUSSION

### I. Legal Standard

Where an attorney successfully represents a claimant before a district court in a proceeding seeking an award of social security disability benefits, Section 406(b) of the Social Security Act authorizes the Court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Before awarding attorney's fees pursuant to section 406(b), the Court must ensure that the contingency fee amount does not exceed 25 percent of the total past-due benefits and must determine that the amount to be awarded is "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary, . . . the fee sought [must be] reasonable for the services rendered.") (internal citation omitted). "[T]he best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

Even where, as here, a requested contingency fee amounts to less than 25 percent of the total past-due benefits, the Court may not find the requested amount reasonable *per se*. *Id.* at 371, 372 (noting that a district court must determine the reasonableness of a fee by "giv[ing] due deference to the intent of the parties" without "blindly" approving every agreement). The Court should consider several factors, including: 1) "whether there has been fraud or overreaching in making the agreement," *id.* at 372, 2) whether the "attorney is responsible for delay" of the case,

4

*Gisbrecht*, 535 U.S. at 808, and 3) whether "the benefits are large in comparison to the amount of time counsel spent on the case," *id*. Some courts within the Second Circuit have also considered "the amount of time and effort that [the claimant's attorney] expended at the Administrative level, as well as [their] excellent qualifications and vast experience in the area of Social Security Disability law." *Briem v. Barnhart*, 2006 WL 3374955, at *1 (W.D.N.Y. Nov. 17, 2006); *see also Trupia v. Astrue*, 2008 WL 858994, at *3 (E.D.N.Y. March 27, 2008) (finding counsel's performance at the administrative level "relevant insofar as it assists the court in understanding 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court'") (quoting *Benton v. Comm'r Soc. Sec.*, 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007)).

II.  ***Plaintiff's Motion for Attorney's Fees is Granted***

Here, the fee amount sought by plaintiff satisfies the requirements articulated above. Plaintiff seeks $29,032.25, which is less than 25 percent of his total past-due benefits award. (Binder Aff'n ¶ 15.) Counsel avers that he plans to seek additional compensation for representation performed at the administrative level, but "[u]nder no circumstances will the total requested fees exceed $54,032.25, which represents the 25%" cap set forth in section 406(b). (*Id*.)

Moreover, the amount that plaintiff seeks is reasonable. Nothing in the record suggests any fraud or overreaching in the execution of the Retainer Agreement, and there is no evidence that Counsel caused any unreasonable delay in the proceedings in order to drive up the fee amount. Further, Counsel has significant experience in the area of Social Security law. (*See id*. ¶ 10.)

5

The Commissioner does not oppose the fee amount sought by plaintiff, but "note[s] that the amount approximates an hourly rate of $768.00," thereby implying that Counsel will receive a windfall. (Def.'s Nov. 4, 2011 Letter at 1.) While this hourly rate may appear, at first blush, to be high, "courts in this circuit have frequently approved SSA contingent-fee awards that yielded comparable or even higher rates." *Destefano v. Astrue*, 2008 WL 623197 at *6, 7 (E.D.N.Y. March 4, 2008) (approving an award with an hourly rate of $849.09) (collecting cases); *Trupia*, 2008 WL 858994, at *3 (hourly rate of $1,714.09); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323–25 (S.D.N.Y. 2007) (hourly rate of $705); *Briem*, 2006 WL 3374955 at *1 (hourly rate of $1,300); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 455–56 (W.D.N.Y. 2005) (hourly rate of $891.61). "[P]olicy is more persuasive than hourly rate arithmetic" and where, as here, the parties freely and willingly entered into an arm's length contingency agreement, the Court "finds no compelling reason to override the intent of the contracting parties." *Destefano*, 2008 WL 623197 at *7; *see also Wells*, 907 F.2d at 371 ("We must recognize . . . that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment.").

6

## *CONCLUSION*

For the reasons set forth above, plaintiff's motion for attorney's fees in the amount of $29,032.25 is granted.

**SO ORDERED**

Dated: Central Islip, New York
      April 20, 2012

                                                /s/
                                        Denis R. Hurley
                                        United States District Judge